USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYKEI M. GARNER,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 26 Civ. 9335 (AT)<br><br>**ORDER OF SERVICE** |

ANALISA TORRES, United States District Judge:

Plaintiff Tykei M. Garner, a Manhattan resident who is appearing *pro se*, brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165. He commenced this action by filing a complaint in the Middle District of Pennsylvania (the "transferring court"), which subsequently transferred the action to this court. In the amended complaint (ECF No. 9), which is the operative pleading, Plaintiff alleges that unspecified officials of the Bureau of Prisons ("BOP"), on unspecified dates and in unspecified facilities, failed to accommodate his disability, punished him for manifestations of his disability, and violated his rights under the Eighth Amendment. Plaintiff seeks monetary relief.

By order dated April 9, 2026, the transferring court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As explained below, the Court: (1) dismisses the ADA claim and construes the amended complaint as asserting a claim under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701 to 796, and adds BOP as an RA defendant under Rule 21; (2) dismisses the FTCA claims for lack of subject matter jurisdiction, with 30 days' leave to replead; and (3) directs service on the United States and BOP.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

On March 10, 2026, Plaintiff commenced this action by filing a complaint in the transferring court. (ECF No. 1.) On the same day, the transferring court issued an order directing Plaintiff to either pay the fees or file an application to proceed IFP, which Plaintiff filed about two weeks later. (ECF Nos. 2-3, 6.) By order dated April 9, 2026, the transferring court granted Plaintiff leave to proceed IFP, and because it concluded that the complaint only asserted claims under the FTCA, it dismissed the individual BOP employee named as a defendant and substituted, in her place, the United States of America. (ECF No. 7.)

About ten weeks later, the transferring court screened the complaint and held that it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. As to Rule 8, it explained

that the complaint—which generally consisted of a series of attachments and did not contain a statement of facts—failed to provide a short, plain statement of the facts giving rise to a claim. It nevertheless granted Plaintiff leave to file an amended complaint. (ECF No. 8.)

On July 21, 2026, Plaintiff filed his amended complaint, in which he named the United States as the sole Defendant. (ECF No. 9.) The amended complaint appears to allege the following: Plaintiff suffers from Machado Joseph Disease, which "causes muscular deterioration, loss of motor control, and significant risk of falls, rendering him unable to walk without assistance." (*Id*. at 6.) "Despite these symptoms, he received no medical care or intervention." (*Id*. at 8.)

The amended complaint suggests that Plaintiff requires a mobility aid to safely ambulate. He repeatedly alleges that unspecified BOP personnel nevertheless denied him mobility aids, "including . . . a walker and wheelchair." (*Id*. at 7; *see also id*. at 8.) This alleged denial "contributed to his inability to walk and perform daily activities." (*Id*. at 8.)

Plaintiff also asserts that BOP punished him for "behaviors resulting from his medical condition." (*Id*.) Plaintiff broadly alleges that he "faced unwarranted disciplinary actions from correctional officers, including lengthy lockdowns that adversely affected his mental health[.]" (*Id*. at 7.) Slightly more specifically, Plaintiff alleges that "[d]ue to the staggering effects of his disease, [he] was frequently late for required activities, resulting in further punishments and lockdowns." (*Id*. at 8.) While on lockdown, he "received no medication attention, even when [he] had been attacked and severely beaten by correctional officers or altercations with inmates[.]" (*Id*. at 7.)

Plaintiff repeatedly filed grievances and sought other administrative remedies, including compassionate release applications in 2021, 2022, and 2023, but he still received no relief,

treatment, or assistance. At an unspecified time, presumably in 2023 or later, "The Pennsylvania Law Institute and ADA (Adult Disability Association) became involved[,]" as did the "National Action Network" and "[s]everal Senators." (*Id*. at 6.) After their advocacy to BOP, which seems to have concerned BOP's alleged failure to accommodate Plaintiff's disability and provide adequate care for it, Plaintiff "was sent to a Medical Federal institute for healthcare for the duration of sentence." (*Id*.) Plaintiff asserts that his transfer, to an institution far from his family, was in retaliation for the outside pressure campaign to BOP about its alleged failure to accommodate his disability and provide adequate care. (*Id*. at 9.)

Plaintiff also states that BOP excluded him, on the basis of his disability, "from participating in work release or any of the other programs that would have assisted [him] in" obtaining early release. (*Id*.)

Plaintiff also alleges that BOP's alleged neglect of his medical condition has caused lasting harms. He explains:

> As a result of this chronic neglect and abuse, Plaintiff has lost all probability of returning to a full-time job and faces a drastically altered quality of life. He entered federal prison with a reasonable level of health and strength but has since suffered brain damage, broken ribs, and physical injuries from beatings by correctional officers.

(*Id*. at 7.)

By memorandum and order, both dated October 23, 2026, the transferring court transferred the action to this court, under both 28 U.S.C. § 1404(a) and 1406. (ECF Nos. 10, 11.) In the memorandum, the transferring court briefly noted deficiencies with the amended complaint. It explained:

> The Court will not address [Plaintiff's] undeveloped claims for multiple reasons. For instance, Section 1983 does not apply because Garner is attempting to sue federal actors, not state actors. Additionally, any *Bivens* claims Garner may be attempting to assert are barred by binding precedent from the United States Court

> of Appeals for the Third Circuit.[1] Finally, and more fundamentally, Garner's cursory listing of various causes of action or sources of law does not plausibly state a claim for relief. Rather, superficially listing different types of claims amounts to mere legal conclusions, which may be disregarded. Therefore, the Court will consider only Garner's FTCA claims.

(ECF No. 10, at 6 (all but one footnote omitted).)

Turning to the FTCA, the transferring court reasoned that because Plaintiff was proceeding under the FTCA but "fail[ed] to appropriately plead venue for any of his FTCA claims," it would "transfer this case to the one district court where venue is unquestionably proper" under the FTCA—the district of Plaintiff's residence. (ECF No. 10, at 1, 8-9.)

The transferring court neither addressed Plaintiff's asserted discrimination claims under the ADA nor assessed whether his disability discrimination claims could be maintained under the RA.[2]

On October 23, 2026, this court received the action from the transferring court.

## DISCUSSION

### A. The federal disability statutes

Plaintiff asserts a claim under the ADA related to BOP's alleged failure to accommodate his disability and for allegedly punishing him for manifestations of his disability. Regardless of the merits of his discrimination claim, it cannot be maintained under the ADA because the BOP, like all federal executive agencies, are not "public entities" liable to suit under the Title II of that law. *See* 42 U.S.C. § 12131(1) (defining "public entity" to include state and local government agencies, but not federal agencies); *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir.

---

[1] *See Kalu v. Spaulding*, 113 F.4th 311, 327-28, 332 (3d Cir. 2024) (holding that BOP's administrative remedy program creates a "new context" for *Bivens* claims and additionally counsels against extending the *Bivens* remedy in the "prison setting").

[2] The transferring court did note that Plaintiff's sparse allegations regarding his transfer to a medical facility failed to state a claim of ADA retaliation. (*Id*. at 3.) It never addressed his claims of *discrimination* on the basis of his disability, which arise under a different section of the ADA.

2000) ("Title II of the ADA is not applicable to the federal government."). Plaintiff therefore fails to state a claim under the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court nevertheless liberally construes Plaintiff's claims of disability discrimination as arising the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796. In order to allow Plaintiff the opportunity to pursue his RA claims, the Court adds BOP as a defendant under Rule 21 of the Federal Rules of Civil Procedure. This addition is without prejudice to any defenses that BOP may wish to assert in this action.

**B. The FTCA**

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). The requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit."). Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

In the amended complaint, Plaintiff does not allege any facts suggesting that he exhausted his administrative remedies with BOP or any other federal agency before commencing this action. Because the requirement to plead exhaustion of administrative remedies under the FTCA is jurisdictional in nature, and because Plaintiff failed to allege that he exhausted his administrative remedies, this Court lacks jurisdiction of Plaintiff's FTCA claim. The Court therefore dismisses Plaintiff's FTCA claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court nevertheless grants Plaintiff 30 days' leave to file a second amended complaint to reassert his FTCA claim against the United States. If Plaintiff amends his complaint, he should include all facts concerning whether, when, and where he submitted his administrative claim to a federal agency and whether, and when, the agency denied his claim in writing.

**C. Service on Defendants**

To allow Plaintiff, who is proceeding IFP, to effect service on Defendants United States and BOP through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States and the BOP.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's ADA claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court liberally construes Plaintiff's allegations of disability discrimination as asserting claims under the Rehabilitation Act. In order to allow Plaintiff the opportunity to pursue this claim, the Clerk of Court is directed to add the Bureau of Prisons as a defendant under Rule 21 of the Federal Rules of Civil Procedure.

The Court dismisses Plaintiff's claim under the FTCA for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. An "Amended Complaint" form is attached to this order.

The Clerk of Court is instructed to issue a summons for each Defendant. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States and the BOP, including but not limited to the amended complaint (ECF No. 9).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 5, 2026
New York, New York

ANALISA TORRES
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Defendant United States of America
Office of the United States Attorney
Southern District of New York
Civil Division
86 Chambers Street, Third Floor
New York, NY 10007

   Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-000

2. Defendant Bureau of Prisons
Office of the United States Attorney
Southern District of New York
Civil Division
86 Chambers Street, Third Floor
New York, NY 10007

   Bureau of Prisons
320 First Street NW
Washington, DC 20534

   Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-000

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

-against-

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

## AMENDED COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ________________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

________________________________

First Name Middle Initial Last Name

________________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

________________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

________________________________

Current Place of Detention

________________________________

Institutional Address

________________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ________________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ____________________

Date(s) of occurrence: ____________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

________________________________________

First Name Middle Initial Last Name

________________________________________

Prison Address

________________________________________

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ________________